IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIPPI S.LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:13-cv-721-WKW-TFM |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed October 8, 2013). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. INTRODUCTION**

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C.§§ 1981 and 1983 on October 4, 2013. Plaintiff then filed an amended complaint on October 20, 2013 (Doc. 6) alleging that Judges Charles Price and William Shashy, Circuit Court Judges of Montgomery County, violated his procedural and substantive due process rights by

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

allowing Charles Caldwell to give perjured and discriminatory testimony against Plaintiff in state court. The plaintiff specifically names as the defendant only the State of Alabama and seeks five million dollars in damages from the State.

All litigants, *pro se,* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action."*GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Thus reading the complaint in the light most favorable to the *pro se* Plaintiff, as this court is required to do, *see Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008), the court recognizes that while the State of Alabama is the only specifically named defendant, the plaintiff potentially states claims for monetary relief against Charles Caldwell a private citizen, and the Honorable Charles Price and the Honorable William Shashy, Circuit Judges of Montgomery County. Also, the court recognizes that the complaint, as amended, maybe read to include a claim for monetary relief against the Montgomery County Circuit Court.[2]

On November 12, 2013 this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis*. (Doc. 7). In *forma pauperis* proceedings are governed by 28

---

[2] Plaintiff also attempts to state a claim against anyone that is "directly or remotely connected to the Fifteenth Judicial Circuit Court of Montgomery County Alabama" by "the scope of their employment", but fails to name any specific person. (Doc. 6 at p 10 Amended Complaint). The court concludes that this vague allegation is insufficient to state a claim for relief. *GJR Investments, Inc.*, 132 F.3d at 1369.

U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION AND ANALYSIS

The law is well-settled that the State of Alabama and its agencies, are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the State of Alabama are, therefore, frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, the claims presented by Lowe against the State of Alabama are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Additionally, to the extent that the complaint, as amended, maybe read to contain a claim against the Montgomery Country Circuit Court, the law is well settled that state courts are not persons within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *McFarland v. Folsom*, 854 F.Supp. 862, 874 (M.D. Ala. 1994). Dismissal of the plaintiff's claims against the Montgomery County Circuit Court is therefore appropriate under 28

U.S.C. § 1915(e)(2)(B)(i).

Next, the Court must address whether it has subject matter jurisdiction over the plaintiff's claims against the remaining defendants, Charles Caldwell a private citizen, and the Honorable Charles Price and the Honorable William Shashy, Circuit Judges of Montgomery County. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted). Plaintiff alleges a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[3] Plaintiff brings his due process claims pursuant to §1983; therefore, he arguably invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[4]

The Due Process Clause of the Fourteenth Amendment prohibits a **state** from

---

[3] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[4] Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV § 1 (emphasis added).  Additionally, claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights, must be asserted against *state* actors.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S.40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). (Emphasis added).  Reading the Complaint in the light most favorable to the plaintiff, it appears the plaintiff brings suit against two state court judges and a private citizen alleging violations of his due process rights.  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Martinez v. Ashtin Leasing, Inc.*, 2011 WL 873302, *1(11th Cir. 2011) (unpublished) (quoting *Pinellas*).  Accordingly, there is no viable cause of action against Charles Caldwell and the complaint, as amended, against him warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim against him upon which relief maybe granted.

Next, the court considers whether the plaintiff's claims are viable against Judge Shashy and Judge Price.  The law is clear that judicial defendants are absolutely immune from suits for money damages arising from acts performed in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9 (1991).(Citations omitted).  The sole remedy sought by the plaintiff is damages in the amount of five-million dollars.  (See Amended Complaint Doc. 6 at p. 10). Accordingly, there is no viable cause of action against Judge Shashy and Judge Price and the

complaint, as amended, against them warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim against them upon which relief maybe granted.

For the reasons stated above, the Court concludes that a viable cause of action does not exist against the named party in this action, nor against the other potentially named parties in this action and that the Court does not have subject matter jurisdiction over the plaintiff's action. Thus, the complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **November 27, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of November, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE